UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA HEIMDAHL CHERNAULT,

    Plaintiff,

v.                          Case No: 8:24-cv-1502-KKM-AEP

CERES ENVIRONMENTAL SERVICES, INC.,

    Defendant.

_____

## ORDER

Dana Chernault sues Ceres Environmental Services, Inc., and alleges violations of the Equal Pay Act and the Florida Civil Rights Act (FCRA). 3d Am. Compl. (Doc. 22). Ceres moves to dismiss, Mot. to Dismiss (Doc. 25) (MTD II), and Chernault responds, Resp. (Doc. 26). For the reasons below, I grant the motion.

## I.    BACKGROUND

Ceres hired Chernault, a female, in November 2020 as the Director of Safety and Risk Management. 3d Am. Compl. ¶¶ 10, 38. Ceres required Chernault "to have at least ten years of experience in the industry, five years' experience leading a team, and at least a bachelor's degree in a related field from an accredited college or university." *Id.* ¶ 13. As the Director of Safety and Risk Management, her primary

responsibilities included administrative tasks, "[d]esign[ing], direct[ing], and coordinat[ing] risk and safety systems for the company to control exposures and minimize loss"; "[d]evelop[ing], implement[ing], and coordinat[ing] safety, health, and environment training"; and "provid[ing] technical knowledge and advi[c]e on issues related to safety, health, and environmental proposals." *Id.* ¶ 12.

Doug Bowen, a male, preceded Chernault in the same role as Director of Safety and Risk Management, though his title "may have been slightly different." *Id.* ¶¶ 14, 16. Chernault's and Bowen's roles "were nearly identical in every aspect, including the required skill, effort, and responsibility levels." *Id.* ¶ 15. Chernault alleges that she was paid less than Bowen because of her sex. *Id.* ¶¶ 19, 28.

In addition to unequal pay, Chernault alleges that she "was subject to pervasive disrespect and harassment because of her sex." *Id.* ¶ 39. As for examples, Chernault alleges that an "owner [of Ceres] threw a safety helmet at [her] in front of other workers because he didn't like its aesthetics," although she alleges no facts explaining why that incident occurred based on her sex. *Id.* ¶ 42. Chernault also alleges that on one occasion another employee threatened to "bury [her] body on his personal property," but again without facts explaining why that comment related to her sex. *Id.* ¶ 44. Other instances more plausibly related to her sex include being called a

"b*tch" and a "c*nt"; referred to as the "safety chick"; and called "a girl" who did not

know the business. *Id.* ¶¶ 44–46. She also alleged an employee subjected her to a

derogatory comment about her physique while laughing at a picture of her. *Id.* ¶ 44.

Chernault sued Ceres in state court, and Ceres removed to federal court after

Chernault added an Equal Pay Act claim. Not. of Removal. (Doc. 1) at 1–2. Ceres

moved to dismiss, Mot. to Dismiss (Doc. 10) (MTD I), and a colleague granted the

motion in part with leave to amend, Order Granting Mot. to Dismiss (Doc. 19).

Chernault filed an amended complaint, 3d Am. Compl., and Ceres again moves to

dismiss, MTD II.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading requires "a short

and plain statement of the claim showing that the pleader is entitled to relief." This

pleading standard "does not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting

*Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

3

assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter. . . that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When considering a motion to dismiss, the complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.    ANALYSIS

Chernault brings claims under the Equal Pay Act and the FCRA. *See* 3d Am. Compl. Chernault alleges that Ceres violated the Equal Pay Act and the FCRA by compensating her less than similarly situated male coworkers. *Id.* ¶¶ 17–36 (Counts I and II). Chernault alleges a hostile work environment claim based on sex under the

FCRA because of consistent "harassment" in the form of comments and actions taken by coworkers and management at Ceres. *Id.* ¶¶ 37–53 (Count III).

Ceres moves to dismiss the three counts for failure to state a claim. MTD II at 4–7, 10–21.[1] I address the arguments in turn.

## A. Count I: Equal Pay Act Claim

An Equal Pay Act claim requires showing that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.' " *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998), *as amended* (May 28, 1998) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). In a comparator analysis, it is the "actual job content," not job titles or job descriptions that is controlling. *Id.*

Unlike the second amended complaint, Chernault's third amended complaint sufficiently alleges a comparator and that the comparator performed a similar role as

---

[1] As to the Equal Pay Act claim and FCRA disparate treatment claim, Ceres also argues that the claims are wholly or partially time barred. MTD II at 21–24. But I do not address this argument because Chernault fails to state claims regardless of their timeliness. Ceres also contends that Chernault presented an entirely new claim for discrimination under the FCRA in her third amended complaint but failed to exhaust administrative remedies as to that claim. *Id.* at 7–8. I do not address this exhaustion argument either.

herself. Chernault also adequately details her job responsibilities and necessary skills. 3d Am. Compl. ¶¶ 12–15, 23.

But Chernault never alleges any fact about the heart of an Equal Pay Act claim: compensation. Despite asserting that she was paid less than Bowen, Chernault fails to allege any fact that makes that conclusion plausible. She omits her own salary, bonuses, relocation expenses, or any other kind of renumeration that she received. *See generally* 3d Am. Compl. And Chernault likewise omits any facts that would render it plausible that a comparable male employee received more compensation in any of those categories. To be clear, the third amended complaint not once mentions any amount of payment for herself or anyone else employed by the defendant. Without any factual allegations to support the key element of an Equal Pay Act claim, a court cannot draw a reasonable inference that the defendant is liable. As such, Chernault fails to state a claim in count one.

### B. Cout II: FCRA Disparate Treatment Claim

Florida courts apply Title VII's framework to claims under the FCRA because the FRCA was modeled on Title VII. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). A plaintiff can establish a discrimination claim under Title VII for disparate treatment based on pay "by demonstrating that she is female

and that the job she occupied was similar to higher paying jobs occupied by males."

*Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992);

*see also Vinson v. Tedders*, 844 F. App'x 211, 213 (11th Cir. 2021) (per curiam).

For similar reasons as Chernault's Equal Pay Act claim, her allegations regarding this claim are insufficient as to whether male comparators received higher compensation. Chernault identifies a male comparator who she alleges was the predecessor in her role (thereby having the same responsibilities), but she again alleges no factual content about his compensation, her own, or anyone else who works at Ceres. 3d Am. Compl. ¶¶ 14–16, 33–34. A court cannot reasonably infer liability without factual content that makes the claim plausible. For this reason, count two fails to state a claim.

## C. Count III: FCRA Hostile Environment Claim

To sufficiently plead a hostile work environment claim based upon sex, a plaintiff must allege that: (1) she "belongs to a protected group;" (2) she "has been subject to unwelcome harassment;" (3) "the harassment must have been based on a protected characteristic of the employee;" (4) "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;" and (5) "the employer is responsible

for such environment under either a theory of vicarious or direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). A hostile work environment claim requires more than "offhand comments, and isolated incidents." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Some of Chernault's allegations consist of one-off comments, 3d Am. Compl. ¶¶ 44, 46 (referring to her as a "girl" and "safety chick"), and indeed some are offensive and inappropriate in any context, *id.* ¶ 45 (an employee calling her a "b*tch" and "c*nt"). Other allegations of incidents are less clearly related to Chernault's sex. *Id.* ¶ 42 (an owner throwing a "safety helmet" at her "because he didn't like its aesthetics"). Although perhaps conclusory, the nature of the harassment being based on her sex suffices at the motion to dismiss stage.

But Chernault fails to allege any factual content about how the harassment was sufficiently severe or pervasive as to alter the terms and conditions of her employment. She simply alleges that element verbatim. *Id.* ¶ 51. At best, she asserts that the harassment occurred "weekly" and "interfered with her ability to perform her duties as Director of Safety and Risk Management." *Id.* ¶ 48. But what occurred on a weekly basis is unclear, *see id.* (alleging the "harassment" transpired weekly but not identifying to what that refers), and Chernault provides no examples of

8

interference or how the harassment changed her work conditions, *see e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (explaining that the workplace must be "permeated with discriminatory intimidation, ridicule, and insult" for harassment to alter the terms and conditions of employment) (quotation omitted). Plausibility requires factual content, but Chernault provides none on this element. Therefore, she fails to state a claim for a hostile work environment.

## IV.   CONCLUSION

In her third amended complaint, Chernault fails to allege facts that make her claims plausible. Because this is Chernault's fourth attempt at pleading and an earlier order explained similar deficiencies, she is not entitled to another opportunity to amend.

Accordingly, the following is **ORDERED**:

1.   Defendant Ceres Environmental Services, Inc.'s Motion to Dismiss (Doc. 25) is **GRANTED.**

2.   Counts I–III are **DISMISSED with prejudice.**

3.   The clerk is directed to **ENTER JUDGMENT**, which shall read: "This case is dismissed with prejudice."

4.  The clerk is further directed to **TERMINATE** any pending deadlines and

to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 12, 2025.

Kathryn Kimball Mizelle
United States District Judge